**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REY GONZALEZ-MONGE,

　　　　　Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

　　　　　Respondent.

No. 12-72976

Agency No. A098-996-541

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2015[**]
Pasadena, California

Before: GRABER and WATFORD, Circuit Judges, and TUNHEIM,[***] Chief
District Judge.

　　Rey Gonzalez-Monge, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

---

[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable John R. Tunheim, Chief District Judge for the U.S.
District Court for the District of Minnesota, sitting by designation.

appeal from an immigration judge's decision denying his motion to reopen based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Gonzalez-Monge argues that he failed to attend his hearing because he was hospitalized, and then he failed to file a timely motion to reopen because of his attorney's ineffective assistance of counsel. Assuming that his hospitalization was an exceptional circumstance, he still filed his motion to reopen more than six years after his removal order became final, far outside the 180-day window. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (providing that motion to reopen must be filed within 180 days of a removal order entered in absentia if the hearing was missed due to exceptional circumstances). Therefore, Gonzalez-Monge's motion is untimely, unless subject to equitable tolling. *See Avagyan*, 646 F.3d at 679. However, he failed to establish the due diligence required to warrant equitable tolling of the filing deadline during the six year period. *See id.* (equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud or error, and exercised due diligence in discovering such circumstances). Even if Gonzalez-Monge could establish that ineffective assistance of counsel prevented him from

2

filing for some period of time, he could not explain the more than one-year delay between discovering his attorney's disbarment and pursuing his claim. Under these circumstances, the BIA did not abuse its discretion in denying Gonzalez-Monge's motion to reopen.

We lack jurisdiction to consider Gonzalez-Monge's contention regarding changed circumstances in El Salvador because he failed to raise this claim before the BIA, and thereby failed to exhaust his administrative remedies. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Gonzalez-Monge's contention that the BIA failed to provide a reasoned explanation for its decision is not supported by the record. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) ("The BIA does not have to write an exegesis on every contention." (internal quotation marks and brackets omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**